# In the United States District Court for the Southern District of Georgia Waycross Division

| | |
|---|---|
| COFFEE COUNTY BOARD OF COMMISSIONERS, | |
|     Plaintiff, | No. 5:19-cv-80 |
|     v. | |
| LOVIE MCVEIGH, | |
|     Defendants. | |

| | |
|---|---|
| LOVIE MCVEIGH, | |
|     Counter-Claimant, | |
|     v. | |
| COFFEE COUNTY BOARD OF COMMISSIONERS, | |
|     Counter-Defendant. | |

| | |
|---|---|
| LOVIE MCVEIGH, | |
|     Third-Party Plaintiff, | |
|     v. | |
| COFFEE COUNTY | |
|     Third-Party Defendant. | |

**ORDER**

This matter is before the Court on a Motion to Remand by Plaintiff and Counter-Defendant Coffee County Board of Commissioners (the "Board"). Dkt. No. 16. The matter arises out of an action originally filed by the Board in the Superior Court of Coffee County, Georgia seeking injunctive relief and damages based on Defendant and Counter-Plaintiff Lovie McVeigh's failure to comply with certain state and local laws regarding the use of her modular home located in Coffee County. See Dkt. No. 1-1 at 1-5. On September 20, 2019, McVeigh removed the Board's action to this Court asserting that this Court had jurisdiction over the matter pursuant to its federal question and diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332, respectively. Dkt. No. 1.[1] With regard to her grounds for diversity jurisdiction, McVeigh contends that the Board is a citizen of Georgia, that she is a citizen of Florida, and that the amount in controversy exceeds $75,000. Id. ¶¶ 12-15.

On March 3, 2020, after receiving several deadline extensions, the Board filed the present Motion to Remand arguing that this Court has neither diversity nor federal question jurisdiction over McVeigh's claims. Dkt. No. 16. With respect to diversity jurisdiction, the Board argues that McVeigh had offered "no evidence to support" her claim that she was a citizen of

---

[1] Shortly after removing, McVeigh filed an answer to the Board's pleading and further asserted a counterclaim against the Board and a third-party complaint against Third-Party Defendant Coffee County. Dkt. No. 5.

2

Florida or that the amount in controversy exceeded $75,000. Id. at 3. Particularly concerning the amount in controversy, the Board argues that it was "simply asking for injunctive relief in order to confiscate and impound [McVeigh's] modular home as it is currently obstructing a portion of the roadway." Id. To date, McVeigh has not responded to the Board's motion.

As an initial matter, the Court finds that McVeigh's Notice of Removal was not deficient, at least as it concerns the grounds for diversity jurisdiction, because it offered, in accordance with the removal statute, a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446. Indeed, McVeigh's notice identified the citizenship of the parties and articulated that the amount in controversy exceeded $75,000. Nevertheless, it is well-settled in this jurisdiction that when confronted with a motion to remand, "the removing party bears the burden of establishing jurisdiction." Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996) (citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356 (11th Cir. 1996)). Where, as here, the Board has challenged McVeigh's alleged Florida citizenship and questioned the amount in controversy, McVeigh must satisfy her burden by, at a minimum, responding to the Board's motion.

Pursuant to Local Rule 7.5, a party opposing a motion "shall serve and file a response within fourteen (14) days of service of the motion" and "[f]ailure to respond within the applicable time

3

period shall indicate that there is no opposition to a motion." S.D. Ga. L.R. 7.5. Here, the Board appended to its Motion to Remand a certificate verifying that it had served McVeigh by mailing a copy via U.S. mail to the address of record for her counsel. Dkt. No. 16 at 6. Accordingly, McVeigh has plainly failed to timely respond to the Board Motion to Remand.

Generally, a defendant's failure to respond to such a motion could be fatal to her claim of federal jurisdiction. However, in light of the pending global Coronavirus pandemic that is causing significant disruptions in day-to-day business, the Court is not inclined to relinquish jurisdiction over this matter without at least providing McVeigh a brief period of additional time to indicate whether she objects to the Board's motion. This is particularly true where, as here, there are significant questions about McVeigh's citizenship and the amount in controversy. For example, the Board's own counsel has already stated in an affidavit filed on record that McVeigh's last known residence was in Florida. See Dkt. No. 2 ¶ 5. Accordingly, it is hereby **ORDERED** that McVeigh shall file any opposition to the Board's Motion to Remand or otherwise inform the Court of its decision not to object to the Board's motion **within ten (10) days of the date of this Order**. Failure to respond adequately in accordance with this Order may result in this action being remanded.

4

**SO ORDERED**, this 30th day of April, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA