FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 10:25 am, Jun 03, 2020

# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | |
|---|---|
| COFFEE COUNTY BOARD OF COMMISSIONERS, | |
| Plaintiff, | No. 5:19-cv-80 |
| v. | |
| LOVIE MCVEIGH, | |
| Defendant. | |

---

| | |
|---|---|
| LOVIE MCVEIGH, | |
| Counter-Claimant, | |
| v. | |
| COFFEE COUNTY BOARD OF COMMISSIONERS, | |
| Counter-Defendant. | |

---

| | |
|---|---|
| LOVIE MCVEIGH, | |
| Third-Party Plaintiff, | |
| v. | |
| COFFEE COUNTY | |
| Third-Party Defendant. | |

**ORDER**

This matter is before the Court on a Motion to Remand by Plaintiff and Counter-Defendant Coffee County Board of Commissioners (the "Board"). Dkt. No. 16. The matter has been fully briefed and is ripe for review. For the reasons below, the Court finds that the Board's Motion to Remand should be **GRANTED**.

**BACKGROUND**

This case arises out of a complaint (the "Complaint") originally filed by the Board in the Superior Court of Coffee County, Georgia seeking injunctive relief based on Defendant and Counter-Plaintiff Lovie McVeigh's failure to comply with certain state and local laws regarding the use of her modular home located in Coffee County. See Dkt. No. 1-1 at 1-5. Specifically, the Board alleges that McVeigh's modular home 1) lacks a proper foundation, 2) is obstructing a portion of a roadway, and 3) lacks proper permitting. See id. ¶¶ 5-7, 9-10. Accordingly, the Board seeks an injunction allowing them to "confiscate and impound the modular home," along with attorney's fees and any other relief the Court deems appropriate. Id. ¶ 15.

In September 2019, McVeigh removed the Board's action to this Court on the grounds that it raises a federal question under 28 U.S.C. § 1331 and that there is diversity of citizenship between the parties under § 1332. Dkt. No. 1 ¶¶ 9-15. With respect to the former ground, McVeigh simply alleged, without further

explanation, that "it is apparent on the face of Plaintiff's Complaint that this action arises under and presents substantial questions of federal law. Id. ¶ 10. With respect to the latter ground, she contended that the Board is a citizen of Georgia for jurisdictional purposes and that she, at the time the action was filed, was a citizen of Florida. Id. ¶¶ 13-14. She further alleged that "the amount in controversy exceeds $75,000.00, exclusive of interests and costs." Id. ¶ 15.

Shortly after removing, McVeigh filed a responsive pleading in which she answered the Board's Complaint and also filed a "Counterclaim and Third Party [sic] Complaint against Coffee County.". Dkt. No. 5.[1] In essence, McVeigh's new claims allege that Coffee County officials took certain actions against her concerning the modular home so as to deprive her of her due process rights under the Fourteenth Amendment. She seeks compensatory and

---

[1] It is unclear from the face of McVeigh's responsive pleading whether she intended to introduce a new party to the action. Indeed, the caption of her responsive pleading identifies "Coffee County" rather than the Board as the third-party defendant. Dkt. No. 5 at 1. However, she does not distinguish between "Coffee County" and the Board in her counterclaim and third-party complaint. By definition, McVeigh's "counterclaim" must be directed against the Board because a counterclaim "sets forth a claim that the pleader has against an *opposing party*." U.S. v. 8 Luxury Vehicles, 88 F. Supp. 3d 1332, 1337 (M.D. Fla. 2015) (emphasis added); see also Fed. R. Civ. P. 13(a)-(b) (identifying a counterclaim as a claim against an "opposing party"). In contrast, a third-party complaint is directed against "a non-party who is or may be liable to [the third-party plaintiff] for all or part of the claim against it." Fed. R. Civ. P. 14(a). Accordingly, for purposes of this motion, the Court will assume that McVeigh's new claims were intended to be a counterclaim against the Board and a third-party complaint against "Coffee County," a new party to the action.

punitive damages, along with attorney's fees under 28 U.S.C. § 1983.[2]

In March 2020, following several deadline extensions, the Board filed the present Motion to Remand. It argues that the issue at hand "concerns matters of state law"—and therefore does not invoke federal question jurisdiction—and that McVeigh had presented "no evidence" that she was a citizen of Florida or that the matter in controversy exceeds $75,000. Dkt. No. 16 at 3-4. McVeigh opposes the Board's motion. First, with respect to diversity jurisdiction, McVeigh alleges that she has lived continuously in Florida for the past two and one-half years—a fact to which she attested via an affidavit—and that the lost value to her modular home would exceed the statutory minimum if the Board were to prevail. Dkt. No. 20 at 3-4. Second, with respect to federal question jurisdiction, McVeigh argues that her counterclaim under § 1983 raises a federal question to invoke this Court's jurisdiction under 28 U.S.C. § 1331. Id. at 4.

### LEGAL STANDARD

On a Motion to remand, the party who removed the action to federal court bears the burden of establishing that federal jurisdiction exists. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th

---

[2] In Count I, McVeigh identifies the relevant statutory section as 28 U.S.C. § 1883. Because such a section does not exist in the U.S. Code, and because McVeigh identifies § 1983 in other portions of her pleading, the Court will assume that McVeigh intended to assert a claim under § 1983.

Cir. 1996). A defendant's right to remove and a plaintiff's right to choose his own forum "are not on equal footing." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Accordingly, the Eleventh Circuit has instructed that the defendant's burden on removal is a "heavy one," id., and that the removal statute is to be "construed narrowly with doubt construed against removal," Diaz, 85 F.3d at 1505 (citing Shamrock Oil * Gas Corp. v. Sheets, 313 U.S. 100 (1941)).

### DISCUSSION

As an initial matter, the pleadings submitted by the parties do not offer a sufficient basis for federal question jurisdiction. The issue of whether a pleading contains a federal question is governed by the "well-pleaded complaint rule." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). This rule provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. The rule allows the plaintiff to be "the master of the claim" such that they may "avoid federal jurisdiction by exclusive reliance on state law." Id.

Here, the Board's initial pleading does just this by alleging only violations of state statutory law. McVeigh apparently seeks to circumvent the traditional rule by contending that her counterclaim and third-party complaint allege federal causes of action. However, it is well-settled that federal claims raised as

part of a counterclaim are not sufficient to invoke federal jurisdiction. See Home Depot U.S.A., Inc. v. Jackson, 139 S. Ct. 1743 (2019). Nor does a third-party filing that raises a federal question entitle a third-party plaintiff to remove an action over which a federal court otherwise lacks subject matter jurisdiction. Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 327 n.22 (5th Cir. 1998) ("While a third-party defendant ay remove a case to federal court based on the third-party claim, a defendant/third-party plaintiff may not.") (citing Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury, 522 F.2d 133 (5th Cir. 1980)); Southern Timber Co. v. Ellis, No. 4:07-cv-2015, 2008 WL 2987198, at *3 (N.D. Ga. Aug. 1, 2008) ("While removal by a third-party plaintiff based on a federal question in the third-party complaint would not grant subject-matter jurisdiction to this Court, a third-party defendant may remove the case to federal court if a federal question [] is presented in the Third-Party Complaint."). Accordingly, the Court finds that federal question jurisdiction does not offer a basis for removal in this case.

Nevertheless, the Court must consider whether it may assert subject matter jurisdiction over this action because of the diverse citizenship of the parties. In order to establish diversity jurisdiction, the removing party must show 1) there is complete diversity of citizenship between the parties and 2) the amount in controversy exceeds $75,000, exclusive of interest and cost. See

Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000) (citing 28 U.S.C. § 1332). Here, the parties vigorously debate whether McVeigh has satisfied her burden of establishing diverse citizenship between the parties.[3] Ultimately, this dispute is immaterial because the Court finds that McVeigh has failed to establish that the amount in controversy exceeds the statutory threshold.

In establishing the amount in controversy of a pleading that seeks only injunctive relief, the Court considers the "value of the object of the litigation measured from the plaintiff's perspective." South Florida Wellness, Inc. v. Allstate Ins. Co., 745 F.3d 1312, 1315-16 (11th Cir. 2014) (quoting Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1268 (11th Cir. 2000)). In other words, "the value of declaratory relief is 'the monetary value of the benefit that would flow to the plaintiff if the [relief he is seeking] were granted'". Id. (quoting Morrison, 228 F.3d at 1268). Such value must be "sufficiently measurable and certain," id. (quoting Morrison, 228 F.3d at 1269), and will not satisfy the amount in controversy requirement if it is "too

---

[3] This debate is somewhat confounding because the Board has not introduced a shred of evidence that would call into question McVeigh's alleged Florida citizenship—albeit it is not their burden to do so. Instead, the Board insists on holding McVeigh's feet to the fire in satisfying her burden of establishing diversity of citizenship. See, e.g., Dkt. No. 21 at 4 (arguing that McVeigh's declaration attesting to her Florida citizenship was "not notarized" and therefore did not constitute adequate evidence of her citizenship). The Court would hope that counsel for the Board has some reason for contesting McVeigh's citizenship aside from using the Court's resources for legal posturing.

speculative and immeasurable," id. (quoting Cohen v. Office Depot, Inc., 204 F.3d 1069, 1077 (11th Cir. 2000)).

McVeigh argues that the amount in controversy element is satisfied here because the cost to her if the Board were to prevail in this matter exceeds the $75,000 threshold. See Dkt. No. 20 at 3-4 However, McVeigh misapprehends the standard for measuring the amount in controversy in the context of injunctive relief. Indeed, the appropriate measure is not the amount that injunctive relief would cost her but rather the value of the injunctive relief to the plaintiff. South Florida Wellness, 745 F.3d at 1315-16.

The Court finds that, measured from the Board's perspective, the value of injunctive relief here is simply "too speculative and immeasurable" to meaningfully determine. Id. (quoting Cohen v. Office Depot, Inc., 204 F.3d 1069, 1077 (11th Cir. 2000)). In essence, the relief that the Board requests would allow it to remove an obstruction to one of its roadways and force McVeigh to stop violating certain state and local laws concerning the proper foundation and permitting for her property. On the record before it, the Court has no meaningful way to assign a financial value to the Board's request, at least not such that the Court could determine whether the value exceeds the statutory threshold. Nor has McVeigh presented any evidence on the value to the Board of the Board's requested relief. Cf. Lowery v. Alabama Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007) ("We have held that, in the

removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount b a preponderance of the evidence."). Accordingly, the Court concludes that McVeigh has not satisfied her burden to show that the amount in controversy exceeds the statutory threshold and therefore finds that it lacks subject matter jurisdiction over the Board's action.

## CONCLUSION

For the reasons above, the Board's Motion to Remand, dkt. no. 16, is **GRANTED**. This matter is hereby **REMANDED** to the Superior Court of Coffee County, Georgia pursuant to 28 U.S.C. § 1447(c). The Clerk is **DIRECTED** to close this case.  The Clerk is also **DIRECTED** to mail a certified copy of this Order to the Clerk of the Superior Court of Coffee County. Thereupon, the state court may proceed with the case.

**SO ORDERED**, this 3rd day of June, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA